UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

| | |
|---|---|
| CORPORATION OF THE CATHOLIC ARCHBISHOP OF SEATTLE, a Washington corporation sole, and BISHOP BLANCHET HIGH SCHOOL,<br><br>Petitioners/Plaintiffs,<br><br>vs.<br><br>THE CITY OF SEATTLE, a Washington municipal corporation,<br><br>Respondent/Defendant,<br><br>CONCERNED BLANCHET NEIGHBORS,<br><br>Additional Party. | No. 2:13-cv-01589-TSZ<br><br>CITY OF SEATTLE'S ANSWER |

## ANSWERS

Respondent/Defendant City of Seattle ("City") makes the following Answer to the Land Use Petition Pursuant to Chapter 36.70C RCW and Complaint for Relief Pursuant to 42 U.S.C. § 2000cc and the Washington State Constitution ("Complaint") in the above-captioned action:

1. The City admits ¶ 1 of the Complaint.

CITY OF SEATTLE'S ANSWER - 1
(2:13-cv-01589-TSZ)

**Peter S. Holmes**
Seattle City Attorney
600 Fourth Avenue, 4th Floor
P.O. Box 94769
Seattle, WA 98124-4769
(206) 684-8200

2. The City admits ¶ 2.

3. Regarding the first sentence of ¶ 3, the City admits that it is the local jurisdiction that made the decision attached as Exhibit A to the Complaint (the "Order"). The City admits the second sentence of ¶ 3.

4. Regarding ¶ 4, the City admits that the Seattle Hearing Examiner is the body or officer whose decision is attached as Exhibit A to the Complaint.

5. Regarding ¶ 5, the City answers that the Complaint speaks for itself as to what is being appealed.

6. Regarding ¶ 6, the City answers that the Order speaks for itself.

7. Regarding ¶ 7, the City answers that the Complaint speaks for itself as to the decision that is being appealed.

8. Regarding ¶ 8, the City answers that the Order speaks for itself.

9. Regarding the first sentence of ¶ 9, the City answers that the Order speaks for itself. The City lacks knowledge or information sufficient to form a belief as to the truth of the allegations in the second sentence of ¶ 9.

10. Regarding the first sentence of ¶ 10, the City answers that the Order speaks for itself. Regarding the second sentence of ¶ 10, the City answers that the Notice of Appeal speaks for itself.

11. Paragraph 11 comprises legal conclusions to which no answer is required.

12. Paragraph 12 comprises legal conclusions to which no answer is required.

13. Regarding the first sentence of ¶ 13, that sentence comprises legal conclusions to which no answer is required. Regarding the second sentence of ¶ 13, the City admits that Bishop Blanchet is a religious high school located on the subject property and the applicant for the

CITY OF SEATTLE'S ANSWER - 2
(2:13-cv-01589-TSZ)

Peter S. Holmes
Seattle City Attorney
600 Fourth Avenue, 4th Floor
P.O. Box 94769
Seattle, WA 98124-4769
(206) 684-8200

variance and administrative conditional use approvals referenced in the decision attached as Exhibit B to the Complaint. The City lacks knowledge or information sufficient to form a belief as to the truth of the allegations in the third sentence of ¶ 13.

      14.     Regarding ¶ 14, the City admits that Bishop Blanchet applied for the approvals referenced in the decision attached as Exhibit B to the Complaint, but lacks knowledge or information sufficient to form a belief as to the truth of the allegations regarding Bishop Blanchet's motivation for submitting the application.

      15.     Regarding ¶ 15, the City answers that the Director's Decision speaks for itself.

      16.     Regarding ¶ 16, the City answers that the Order speaks for itself.

      17.     Paragraph 17 comprises legal conclusions to which no answer is required.

      18.     Regarding ¶ 18, the City answers that the Order speaks for itself and that Paragraph 18 comprises legal conclusions to which no answer is required.

      19.     Regarding ¶ 19, the City admits that Bishop Blanchet is a private Catholic high school. The City lacks knowledge or information sufficient to form a belief as to the truth of the other allegations in ¶ 19.

      20.     Regarding ¶ 20, the City admits that Bishop Blanchet is located at 8200 Wallingford Avenue North on property that is zoned single-family residential. The City lacks knowledge or information sufficient to form a belief as to the truth of the other allegations in ¶ 20.

      21.     The City admits ¶ 21.

      22.     The City admits ¶ 22.

      23.     The City admits ¶ 23.

      24.     The City admits ¶ 24.

CITY OF SEATTLE'S ANSWER - 3
(2:13-cv-01589-TSZ)

Peter S. Holmes
Seattle City Attorney
600 Fourth Avenue, 4th Floor
P.O. Box 94769
Seattle, WA 98124-4769
(206) 684-8200

25. The City admits the first sentence of ¶ 25. With respect to the second and third sentences of ¶ 25, the City admits that the school site is adjacent to six single family homes at its southeast corner, which homes front Meridian Avenue North, and is adjacent to four single family homes near the northwest corner, which homes front on North 85th Street.

26. The City admits ¶ 26.

27. The City lacks knowledge or information sufficient to form a belief as to the truth of the allegations in ¶ 27.

28. The City lacks knowledge or information sufficient to form a belief as to the truth of the allegations in ¶ 28.

29. The City lacks knowledge or information sufficient to form a belief as to the truth of the allegations in ¶ 29.

30. Regarding ¶ 30, the City lacks knowledge or information sufficient to form a belief as to the truth of the allegations in the first sentence. The City admits the second sentence of ¶ 30. The City lacks knowledge or information sufficient to form a belief as to the truth of the allegations in the third sentence of ¶ 30.

31. Regarding the first sentence of ¶ 31, the City admits that Blanchet's athletic field is not lighted and that Blanchet rents lighted fields for team practices and games after dark. The City lacks knowledge or information sufficient to form a belief as to the truth of the remaining allegations in the first sentence. The City admits the second sentence of ¶ 31.

32. Regarding ¶ 32, the City answers that the City of Seattle Department of Parks and Recreation and the Seattle School District have entered into an "Agreement for the Joint Use of Facilities" dated December 20, 2010, which agreement speaks for itself. The City lacks

CITY OF SEATTLE'S ANSWER - 4
(2:13-cv-01589-TSZ)

Peter S. Holmes
Seattle City Attorney
600 Fourth Avenue, 4th Floor
P.O. Box 94769
Seattle, WA 98124-4769
(206) 684-8200

knowledge or information sufficient to form a belief as to the truth of the remaining allegations in ¶ 32.

33.  Regarding the first sentence of ¶ 33, the City answers that, in the period through 2001, it prepared and commissioned a variety of plans and studies addressing athletic fields and that, in 2002, the City Department of Parks and Recreation prepared the 2002 Joint Athletic Facilities Development Program (an update to the 1997 Joint Athletic Facilities Development Program), which document speaks for itself. The City lacks knowledge or information sufficient to form a belief as to the truth of the remaining allegations in the first sentence of ¶ 33. Regarding the second sentence of ¶ 33, the City admits that, since 1997, synthetic turf and/or lighting has been added at numerous Seattle School District and Seattle Parks and Recreation athletic fields, including many of those listed in the second sentence of ¶ 33 as well as others. The City lacks knowledge or information sufficient to form a belief as to the truth of the remaining allegations in the second sentence of ¶ 33.

34.  Regarding ¶ 34, the City answers that the "Agreement for the Joint Use of Facilities" dated December 20, 2010, speaks for itself.

35.  The City lacks knowledge or information sufficient to form a belief as to the truth of the allegations in ¶ 35.

36.  The City lacks knowledge or information sufficient to form a belief as to the truth of the allegations in ¶ 36.

37.  Regarding ¶ 37, the City admits that Bishop Blanchet sought permits to install field lights at its athletic field. The City lacks knowledge or information sufficient to form a belief as to the truth of the remaining allegations in ¶ 37.

CITY OF SEATTLE'S ANSWER - 5
(2:13-cv-01589-TSZ)

Peter S. Holmes
Seattle City Attorney
600 Fourth Avenue, 4th Floor
P.O. Box 94769
Seattle, WA 98124-4769
(206) 684-8200

38. Regarding ¶ 38, the City admits that Bishop Blanchet sought approval of 70-foot-tall field lighting, but lacks knowledge or information sufficient to form a belief as to the truth of the allegations regarding Bishop Blanchet's motivation for seeking approval of such lighting.

39. Regarding the first sentence of ¶ 39, the City answers that the height limit for the zone where Bishop Blanchet is located is set forth in SMC 23.44.012, which provision speaks for itself. With respect to the second sentence of ¶ 39, the City admits that Bishop Blanchet submitted the referenced application on or about November 1, 2011.

40. Regarding ¶ 40, the City admits that Bishop Blanchet submitted the referenced application in May of 2012.

41. With respect to ¶ 41, the City answers that the Director's Decision speaks for itself.

42. With respect to ¶ 42, the City answers that the Director's Decision speaks for itself.

43. With respect to ¶ 43, the City answers that the Director's Decision speaks for itself.

44. With respect to the first sentence of ¶ 44, the City answers that the referenced SMC provision speaks for itself. With respect to the second sentence of ¶ 44, the City answers that SMC 23.51B.002(D)(6) was enacted in 2009, while similar (but not identical) code language was enacted in 2001; the City lacks knowledge or information sufficient to form a belief as to the truth of the remaining allegations in the second sentence of ¶ 44. With respect to the third sentence of ¶ 44, the City answers that SMC 23.51B.002(D)(6) speaks for itself and the City otherwise lacks knowledge or information sufficient to form a belief as to the truth of the allegations in the third sentence of ¶ 44.

CITY OF SEATTLE'S ANSWER - 6
(2:13-cv-01589-TSZ)

Peter S. Holmes
Seattle City Attorney
600 Fourth Avenue, 4th Floor
P.O. Box 94769
Seattle, WA 98124-4769
(206) 684-8200

45. The City admits ¶ 45.

46. With respect to ¶ 46, the City answers that, on June 14, 2013, Neighbors filed a Motion for Summary Judgment Re: Variance, which document speaks for itself.

47. With respect to ¶ 47, the City answers that the Order speaks for itself.

48. With respect to ¶ 48, the City answers that the Order speaks for itself.

49. Regarding ¶ 49, the City answers that the Order speaks for itself and that ¶ 49 comprises legal conclusions to which no answer is required.

50. Regarding ¶ 50, the City answers that the Complaint speaks for itself as to the relief requested.

51. Regarding ¶ 51, the City answers that the Complaint speaks for itself as to the relief requested.

52. Regarding ¶ 52, the City answers that the Complaint speaks for itself as to the relief requested.

53. Regarding ¶ 53, the City answers that the Complaint speaks for itself as to the relief requested.

54. The City lacks knowledge or information sufficient to form a belief as to the truth of the allegations in the first sentence of ¶ 54. Regarding the second sentence of ¶ 54, the City admits that Bishop Blanchet is a private Catholic high school located on the subject property. The City lacks knowledge or information sufficient to form a belief as to the truth of the other allegations in the second sentence of ¶ 54.

55. The City admits ¶ 55.

56. Paragraph 56 comprises legal conclusions to which no answer is required.

57. Paragraph 57 comprises legal conclusions to which no answer is required.

CITY OF SEATTLE'S ANSWER - 7
(2:13-cv-01589-TSZ)

Peter S. Holmes
Seattle City Attorney
600 Fourth Avenue, 4th Floor
P.O. Box 94769
Seattle, WA 98124-4769
(206) 684-8200

58. The City incorporates the responses made in the preceding paragraphs.

59. The first sentence of ¶ 59 comprises legal conclusions to which no answer is required. Regarding the second sentence of ¶ 59, the City answers that the referenced statutory provision speaks for itself. The third and fourth sentences of ¶ 59 comprise legal conclusions to which no answer is required. Regarding the fifth sentence of ¶ 59, while no statutory citation is provided to support the characterization of the law therein, this sentence appears to comprise legal conclusions to which no answer is required. Regarding the sixth sentence of ¶ 59, the City answers that the referenced SMC provision speaks for itself. Regarding the seventh sentence of ¶ 59, while no statutory citation is provided to support the characterization of the law therein, this sentence appears to comprise legal conclusions to which no answer is required. Regarding the eighth sentence of ¶ 59, the City answers that the Director's Decision speaks for itself. The ninth sentence of ¶ 59 comprises legal conclusions to which no answer is required.

60. The first sentence of ¶ 60 comprises legal conclusions to which no answer is required. Regarding the second sentence of ¶ 60, this sentence comprises legal conclusions to which no answer is required and the City answers that the Washington Constitution speaks for itself as to its provisions. The third sentence of ¶ 60 comprises legal conclusions to which no answer is required. Regarding the fourth sentence of ¶ 60, the City answers that the referenced SMC provision speaks for itself; the City lacks knowledge or information sufficient to form a belief as to the truth of the allegations in that sentence as to what Petitioners presume was taken into account in the enactment of that provision. Regarding the fifth and sixth sentences of ¶ 60, the City answers that the Director's Decision speaks for itself.

61. Paragraphs 61-66 constitute requests for relief to which no answer is required.

CITY OF SEATTLE'S ANSWER - 8
(2:13-cv-01589-TSZ)

Peter S. Holmes
Seattle City Attorney
600 Fourth Avenue, 4th Floor
P.O. Box 94769
Seattle, WA 98124-4769
(206) 684-8200

# AFFIRMATIVE DEFENSES

By way of affirmative defense, and without admission that the City carries the burden of proof on any defense or affirmative defense, the City alleges as follows:

1. Plaintiffs fail to state a claim upon which relief may be granted.

2. Plaintiffs failed to request an interpretation under SMC 23.88.020 as to the application of the SMC's height limit in SMC 23.44.012 and/or the need to obtain a variance under SMC 23.40.020 (and the criteria set forth therein) and thus failed to obtain a "final determination" under LUPA or to exhaust administrative remedies.

3. Plaintiffs failed to timely seek judicial review of the application or validity of the SMC's height limit in SMC 23.44.012 and/or the need to obtain a variance under SMC 23.40.020 (and the criteria set forth therein).

4. The preconditions for a declaratory judgment (including justiciability) or writ relief are not met.

The City requests that the Court dismiss the Complaint with prejudice.

DATED: September 11, 2013.

s/Jeffrey S. Weber, WSBA #24496
Seattle City Attorney's Office
P. O. Box 94769
Seattle, WA 98124-4769
Ph: (206) 233-2177
Fax: (206) 684-8284
E-mail: jeff.weber@seattle.gov
Assistant City Attorney for Respondent/Defendant
City of Seattle

CITY OF SEATTLE'S ANSWER - 9
(2:13-cv-01589-TSZ)

Peter S. Holmes
Seattle City Attorney
600 Fourth Avenue, 4th Floor
P.O. Box 94769
Seattle, WA 98124-4769
(206) 684-8200

# CERTIFICATE OF SERVICE

I hereby certify that on the 11th day of September, 2013, I electronically filed the foregoing with the Clerk of the Court using the CM/ECF system which will send notification of such filing to the following:

> John W. Hempelmann, jhempelmann@cairncross.com
> Thomas J. Richardson, trichardson@cairncross.com
> Jessica Tsao, jtsao@cairncross.com
> David S. Mann, mann@gendlermann.com
> Jeffrey S. Weber, jeff.weber@seattle.gov
> Roger D. Wynne, roger.wynne@seattle.gov

Dated this 11th day September, 2013 at Seattle, King County, Washington.

_____
ROSIE LEE HAILEY

CITY OF SEATTLE'S ANSWER - 10
(2:13-cv-01589-TSZ)

Peter S. Holmes
Seattle City Attorney
600 Fourth Avenue, 4th Floor
P.O. Box 94769
Seattle, WA 98124-4769
(206) 684-8200